# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. REED,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>               Respondent. | CASE NO. 2:25-CV-01695-DSF (SK)<br><br>**ORDER DISMISSING PUTATIVE PETITION FOR WRIT OF MANDAMUS** |

Petitioner Michael Reed[1] is a California inmate, proceeding pro se and in forma pauperis, who is currently engaged in postconviction proceedings in San Diego County superior court under California's Criminal Racial Justice Act (CRJA), California Penal Code § 745(b). (ECF 1, 4, 5, 6). The state superior court has apparently appointed petitioner counsel for those ongoing CRJA proceedings. But petitioner wants to represent himself instead. So, he has petitioned the California appellate courts—unsuccessfully—for a writ of mandamus to compel the state superior court to permit his self-representation. *See Reed v. S. C. (People)*, Case No. S287202. Now, petitioner wants federal court intervention, claiming that he has an

---

[1] According to his assigned California Department of Corrections and Rehabilitation inmate number, petitioner has filed several unrelated actions not only in state courts but throughout many federal district courts, as well. Often, though, he has spelled his first name as "Mychal" instead of "Michael." *See, e.g.*, *Reed v. CSP LAC*, 2023 WL 8064548, at *1 (9th Cir. Nov. 21, 2023), *cert. denied sub nom. Reed v. Cal. State Prison, Los Angeles Cnty.*, 144 S. Ct. 2615 (2024), *reh'g denied*, 145 S. Ct. 366 (2024); *Reed v. Buckel et al.*, Case No. 24-CV-00179-MMA (S.D. Cal. Jan. 25, 2024); *Reed v. Buckel et al.*, Case No. 23-CV-01431-JLT (E.D. Cal. Oct. 3, 2023); *Reed v. California*, Case No. 22-CV-05214-JST (N.D. Cal. Sept. 12, 2022); *Reed v. CSP LAC*, Case No. 12-CV-10727-SB (C.D. Cal. Dec. 14, 2012).

unconditional Sixth Amendment right to self-representation in his state CRJA proceedings.  (ECF 1, 4, 5, 6).

Civil petitions filed by prisoners proceeding in forma pauperis are subject to dismissal if they are frivolous, malicious, or otherwise fail to state a claim on which relief may be granted.  28 U.S.C. §§ 1915A(a)-(b), 1915(e)(2)(B).  A prisoner's petition may be dismissed as frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  That standard disposes of the "Petition for Writ of Mandamus" filed by petitioner here.

The federal mandamus statute only affords federal district courts "original jurisdiction . . . to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  In other words, federal courts have no authority to issue mandamus against *non-federal* entities or officials—including "state courts or their judicial officers."  *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966); *see Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (petition for writ of mandamus frivolous because federal courts lack jurisdiction to direct or issue mandamus to state entities).  Thus, "a petition which seeks a writ of mandamus to compel a non-federal actor to take action is frivolous as a matter of law."  *Andrade v. Cal. Dep't of Corrs.*, 2021 WL 412267, at *1 (C.D. Cal. Feb. 4, 2021) (citing *Demos*, 925 F.2d at 1161-62); *accord Martin v. Cal. Sup. Ct.*, 2020 WL 1914945, at *1 (N.D. Cal. Apr. 20, 2020); *Hodges v. Cir. Ct. of Second Cir.*, 2019 WL 6311986, at *2 (D. Haw. Nov. 25, 2019).[2]

---

[2] Besides, on the merits, mandamus is appropriate only when a petitioner's "claim is clear and certain," and the relevant officer's duty is "nondiscretionary, ministerial, and so plainly prescribed to be free from doubt."  *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th

    Petitioner's demand would fare no better even if his petition were construed as seeking habeas relief under 28 U.S.C. § 2254.  Setting aside the questionable merits of petitioner's Sixth Amendment claim (*see* ECF 11), the relief he seeks—a coercive order against a state superior court—does not fall "within the core of habeas corpus" in any event.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).  Any order purporting to force the superior court to allow petitioner to represent himself would still not lead to his "immediate or earlier release from confinement."  *Id.*; *see Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("A habeas court has the power to release a prisoner, but has no other power." (cleaned up)).

    For these reasons, the Petition for Writ of Mandamus (ECF 1) is ordered DISMISSED for lack of jurisdiction.  Judgment dismissing this action without prejudice will be entered accordingly.

    IT IS SO ORDERED.

DATED: July 14, 2025

                                                DALE S. FISCHER
                                                United States District Judge

---

Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)).  Yet it is far from "clear and certain" that petitioner has an unconditional federal right to self-representation in state postconviction proceedings.  *See, e.g.*, *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (Supreme Court's holding in *Faretta v. California*, 422 U.S. 806 (1975) did not require California to "recognize a constitutional right to self-representation on direct appeal from a criminal conviction"); *In re Barnett*, 73 P.3d 1106, 1112-13 (Cal. 2003) (concluding that California inmates have no state or federal constitutional right to self-representation in state habeas proceedings).